IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00090-DDD-CYC

EDGAR CANCINO-PEREZ,

    Plaintiff,

v.

McCOY GLOBAL, INC., a Canadian corporation; and
McCOY GLOBAL USA, INC., a Louisiana corporation,

    Defendants.

---

**ORDER**

---

**Entered by Cyrus Y. Chung, United States Magistrate Judge.**

    Before the Court is the Plaintiff's Unopposed Motion to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a)(2), ECF No. 43, in which the plaintiff seeks permission to amend his complaint to add a defendant. The motion is not opposed by the defendants. *Id*. at 1.

    The Scheduling Order entered in this case established June 20, 2025 as the deadline to join parties and amend pleadings. ECF No. 42 § 9.a. The instant motion was filed on July 7, 2025. Where, as here, the deadline to amend the pleadings pursuant to the Scheduling Order has passed, the Tenth Circuit instructs that "a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Rule 16 provides that "a scheduling order may be modified only for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(4), and the Tenth Circuit specifically requires the movant to show that good cause justifies amending their complaint after a scheduling order deadline has passed. *Gorsuch, Ltd., B.C.*, 771 F.3d at 1141 ("We now hold that

parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so."). In practice, this standard requires the movant to show that the "scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quotation marks omitted). Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed. *Id.* at 668–69.

If good cause is shown, the Court then considers any arguments raised by the parties under Fed. R. Civ. P. 15 related to whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Applying these principles, the plaintiff has satisfied the good cause requirement of Rule 16(b)(4). In this context, good cause ordinarily means that the plaintiff has shown that "scheduling deadlines cannot be met despite [their] diligent efforts," such as by not being privy to material information or evidence until discovery has been conducted. *Pumpco, Inc.*, 204 F.R.D. at 668–69 (quotation marks omitted). That is what occurred here. The plaintiff brings a product liability suit against the defendants. As part of discovery, on June 18, 2025, the plaintiff "received discovery responses from Defendants in which Defendants denied having manufactured or sold the product at issue and identifying McCoy Global Canada Corp. as the manufacturer of the subject product." ECF No. 43 at 2. The plaintiff then "examine[d] this issue and confer[ed] with defense counsel" and filed the instant motion less than three weeks after first learning this information. *Id.* This meets Rule 16(b)(4)'s good cause requirement. *Pumpco, Inc.*,

204 F.R.D. at 668–69 ("The fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline."); *Swanson v. N. Light Specialty Ins. Co.*, No. 20-cv-03778-RMR-NRN, 2022 WL 500294, at *3 (D. Colo. Feb. 18, 2022) (plaintiff acted diligently in moving to amend five weeks after learning of new information that formed the basis of the amendment); *Estate of Roemer v. Shoaga*, No. 14-cv-01655-PAB-NYW, 2016 WL 11184883, at *8 (D. Colo. Oct. 26, 2016) (allowing amendment several months after the plaintiff learned of the new information because the plaintiff provided an adequate explanation for the delay), *recommendation adopted*, 2017 WL 1190558 (D. Colo. Mar. 31, 2017).

Turning to Rule 15, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The motion is unopposed, and the Court's review of this matter does not show that the plaintiff unduly delayed, the plaintiff failed to amend despite ample opportunity to do so, the nonmoving parties would be unduly prejudiced, or that amendment would be futile. *Foman,* 371 U.S. at 182.

For the foregoing reasons, it is hereby ORDERED that the Plaintiff's Unopposed Motion to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a)(2), ECF No. 43, is **GRANTED**.

It is further ORDERED that the Clerk of the Court shall accept the plaintiff's Amended Complaint and Jury Demand, ECF No. 43-2, as of the date of this Order and docket it as a separate document on the docket.

Entered and dated this 10th day of July, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

4